**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Charles L. MILLER, Jr., Respondent.**

**No. S.C.B.D. 1793.**

Supreme Court of Oklahoma.

Dec. 22, 1959.

Henry Kolbus and John Cochran, Tulsa, Harry G. Foreman, Norman, for complainant.

Charles L. Miller, Jr., Tulsa, appearing pro se.

BLACKBIRD, Justice.

In this action we are called upon to review the proceedings instituted by the Oklahoma Bar Association, pursuant to the recommendation of the Executive Counsel, hereinafter referred to as complainant, against Charles L. Miller, Jr., hereinafter referred to as respondent, a member of the Oklahoma Bar Association and a resident of Tulsa, Oklahoma, wherein he was charged with professional misconduct in the practice of law, hereafter referred to.

On December 18, 1958, after a hearing was had by the Grievance Committee of the Tulsa County Bar, it presented its findings to the Executive Counsel. On June 11, 1959, complaint was filed, in which it was alleged, in substance, that respondent Charles L. Miller, Jr., on or about the 23rd day of July, 1957, while acting as attorney at law for Wayne D. Moore, and in the course of such employment, obtained possession of Standard Insurance Company's draft, No. D114696, dated July 23, 1957, in the amount of $448.47, payable to the order of Wayne D. Moore, Fred Jones Motor Company and Charles Miller, attorney; which draft was given in full and final settlement and release of claims and damages arising, or to arise, out of an automobile accident; that said respondent Charles L. Miller, Jr., either forged or permitted the forgery of the names of the payee as endorsements, and, with full knowledge of the facts, presented the same for payment to Roy Oliver's Jewelry Store, Tulsa, Oklahoma. That he, the said respondent, received from said store money in the sum of $160, and agreed that the balance be paid later.

That said respondent, over a period of at least 10 years, has indulged in a course of conduct unbecoming to an attorney, which conduct acts to bring the legal profession in disrepute in that said respondent has, on many occasions, appeared in public in an intoxicated condition; has been convicted of drunkenness in a public place seven times; also convicted of the offense of driving without a driver's license; failure to yield the right-of-way; and obtaining money by false and bogus checks.

The respondent has filed no brief herein and apparently rests his case on the transcript of the proceedings at the hearing. He was very co-operative and admitted practically all the charges made. His only explanation was that he was addicted to alcohol. The trial examiner, in his findings, recommended that respondent's license to practice the profession of law in Oklahoma be revoked and that he be disbarred from such practice in the State; this was approved and adopted by the Executive Counsel. The Oklahoma Bar Association, pursuant to the directions of the Executive Counsel recommend that, by reason of professional misconduct of the respondent, as set forth in Complaint, he be disbarred and his license to practice law as a member of the Bar of the State of Oklahoma be revoked.

 We have carefully examined the record prepared; the respondent, without doubt, was shown to be guilty as set out in complaint, and we so find. We realize that the Bar Association could not tolerate such conduct by one of its members, but due to the fact that the respondent is addicted to alcohol, and no doubt said addiction has a tremendous effect on his physical and mental being, because of the affliction and a possibility of his cure and rehabilitation, we are inclined to the opinion, and hold, that the respondent should be suspended from the practice of law in the State of Oklahoma indefinitely. It is further decided that the respondent may apply for reinstatement 4 years after this judgment becomes final; upon satisfactory proof that he has not practiced law in this State, either directly or indirectly, during that period; that he is no longer addicted to alcohol and has otherwise deported himself properly.

Recommendation approved as modified.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WELCH, J., specially concurs.

WELCH, Justice (concurring specially).

I concur in the majority opinion, but believe it would be better if we follow the recommendation of the Oklahoma Bar Association.